UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 3:12-CR-00038-LRH-VPC |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| LEONELA URBINA, ) | |
| ) | |
| Defendant. ) | |

Before the court is the Government's Motion to Revoke the Magistrate's Order to Release Defendant, Leonela Urbina, Pending Trial (#112[1]), the Defendant's opposition to the motion (#117), and the Government's reply to Defendant's opposition (#118). Additionally, the court has obtained transcripts of the Defendant's detention hearing before the Magistrate Judge on June 7, 2012, and the Defendant's Motion to Reopen Detention Hearing on September 19, 2012. The court has conducted its *de novo* review of the evidence before the Magistrate Judge and makes its independent determination that there is a preponderance of the evidence that the Defendant poses a flight risk and that the Defendant should be detained in custody.

The court notes that the Defendant is charged in a superseding indictment with co-defendants and is charged with violations of Title 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) and 846 – Conspiracy to Possess with Intent to Distribute and Distribute Methamphetamine (Count One); a violation of Title 21 U.S.C. § 843(b) – Illegal Use of a Communication Facility (Count Two); and a violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) – Possession with Intent to

---

[1] Refers to the court's docket number.

Distribute Methamphetamine (Count Three).

The Defendant was arrested in San Jose, California, on April 25 2012, appeared before the Magistrate Judge in that district on May 4, 2012, was ordered detained and was subsequently extradited to the District of Nevada. She was arraigned before the District of Nevada Magistrate Judge on June 7, 2012. At that time, the Magistrate Judge conducted a continued detention hearing and Defendant was ordered detained. On September 19, 2012, a hearing was held upon Defendant's Motion to Reopen Detention Hearing and the Magistrate Judge granted Defendant pre-trial release subject to admission and treatment in a particular drug treatment program, as well as with other conditions. The Government filed its motion shortly thereafter challenging the Defendant's release and the Magistrate Judge entered a stay of his decision (#120) pending a decision upon the Government's motion to revoke before this court.

The Defendant is charged in Count One with an offense which carries a potential maximum life sentence in prison and a ten-year mandatory minimum prison sentence. In such a case, there is a rebuttable presumption that there are no conditions or combination of conditions that will ensure both the appearance of the Defendant at trial and the safety of the community. Title 18 U.S.C. §3142(e).

An important factor in the court's consideration is the history and characteristics of the Defendant. This defendant lacks community ties, has weak family ties, a lack of steady employment and employment history, and also demonstrates a recent criminal history in the state of Nevada. Her only tie to the District of Nevada is her state conviction in 2010 for the gross misdemeanor offense of Conspiracy to Possess Methamphetamine, following an arrest and charges for drug trafficking.

It appears that the Defendant was not candid with Pretrial Services officers as to where she lived in California. Her California driver's license was recovered with an East Palo Alto address. However, the Defendant's sister and mother both denied knowing that the Defendant lived at the East Palo Alto address. She was found at another address, in San Jose, California, where close to half a pound of methamphetamine was recovered. According to the Defendant's May 9, 2012 Pretrial Services Report, the Defendant's family ties are weak. Her mother advised

that the Defendant did not regularly keep in touch with her family and no family member has appeared on behalf of Defendant at either her second or third detention hearing.

The Defendant has cited drug addiction as a grounds in favor of pre-trial release to a drug treatment program in Fallon, Nevada. However, in her first two interviews with Pretrial Services, the Defendant denied any use of drugs and Pretrial Services acknowledged that Defendant "has not been candid" as to her drug use. For the first time after close to five months in custody, the Defendant complained of suffering from drug abuse and physical abuse. There has been no collaboration of drug use by the Defendant by any of her family members who were interviewed by Pretrial Services.

As an additional, although less important factor, the Magistrate Judge has noted that the evidence is "overwhelming" against the Defendant in the case. This includes approximately one half pound of methamphetamine found in a shed at the premises to which Defendant had the key to the lock, the seizure of a macaroni and cheese box containing thirteen thousand dollars ($13,000) (in the background of a history of unemployment), and numerous intercepted calls between Defendant and her husband that, in code, related to drug distribution.

Given the gravity of the crimes charged against the Defendant, her lack of stable residential and employment history, her prior criminal record and numerous inconsistent statements pertaining to the very grounds upon which she had sought to reopen consideration of pretrial release, the court concludes that the presumption against pre-trial release set forth in Title 18 U.S.C. § 3142(e) has not been overcome. This Defendant poses a flight risk and there are no conditions or combination of conditions to warrant release under §3142(e).

GOOD CAUSE APPEARING, the Government's motion (#112) is GRANTED and release is DENIED.

IT IS SO ORDERED.

DATED this 23rd day of October, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE